## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER FEAZEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-15-602-D |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JENNIFER FEAZEL ("Plaintiff"), through her attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in Blair, Jackson County, Oklahoma.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency headquartered in Norfolk, Virginia.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff originally arising from an Orchard Bank credit card from 2007.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. In or around November 2014, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

19. Defendant calls Plaintiff on Plaintiff's home telephone at 580-563-93xx.

20. Defendant calls Plaintiff from 914-595-7031, 817-479-9154, 620-263-3537, 859-586-9557, which are all Defendant's telephone numbers.

21. Plaintiff has answered many of Defendant's phone calls to Plaintiff's home telephone.

22. During the aforementioned conversations, Plaintiff informs Defendant's collectors that the debt Defendant is attempting to collect is past the statute of limitations and requests Defendant to stop calling

23. During the aforementioned conversations, Defendant's collectors tell Plaintiff that the debt is still collectable and Defendant will continue to call to collect the debt.

24. Despite Plaintiff's requests for Defendant to stop calling, Defendant continues to place collection calls to Plaintiff.

25. Despite having communicated with Plaintiff regarding the alleged debt, Defendant placed calls to the following third parties and disclosed Plaintiff's debt to these third parties:
    a. Plaintiff's brother-in-law and his wife, Robert & Cristy Feazel, at 325-691-72xx;
    b. Plaintiff's parents-in-law, Larry & Gay Feazel, at 580-482-37xx; and
    c. Plaintiff's other brother-in-law and his wife, Travis & Sissy Feazel.

26. None of the aforementioned third parties are co-signors on the alleged debt, nor are any of the third parties responsible for the alleged debt.

27. Defendant is attempting to collect a debt on which the statute of limitations has expired.

28. Defendant's collectors did not disclose that the debt was barred by the statute of limitations.

29. In fact, Defendant's collectors told Plaintiff that the debt was still collectable.

30. It is the policy and practice of Defendant to seek to collect time-barred debts by not disclosing the fact that they are time-barred.

31. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm). The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Defendant violated the FDCPA based on, but not limited to, the following:

    a. Defendant violated §1692b(2) of the FDCPA by communicating with any person other than the consumer and stating that such consumer owes any debt, when Defendant's collectors disclosed Plaintiff's debt to Robert & Cristy Feazel, Larry & Gay Feazel, and Travis & Sissy Feazel;

    b. Defendant violated §1692c(b) of the FDCPA by communicating with third parties after being in contact with Plaintiff;

    c. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse any person in connection

    with the collection of an alleged debt when Defendant repeatedly called Plaintiff, despite being told to stop calling and that the debt is past the statute of limitations, and telling Plaintiff that Defendant would continue to call because it is a collectable debt;

d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass any person at the called number when Defendant repeatedly called Plaintiff, despite being told to stop calling and that the debt is past the statute of limitations, and telling Plaintiff that Defendant would continue to call because it is a collectable debt;

e. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt, by attempting to collect a time-barred debt from Plaintiff and stating that the debt is still collectable;

f. Defendant violated §1692e(2) of the FDCPA by falsely representing the legal status of any debt, when Defendant attempted to collect a time-barred debt and told Plaintiff that the debt was still collectable;

g. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendant attempted to collect a time-barred debt and told Plaintiff that the debt was still collectable; and

h. Defendant violated §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant attempted to collect a time-barred debt and told Plaintiff that the debt was still

collectable.

33. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JENNIFER FEAZEL, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

35. Actual damages, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

38. Any other relief this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: June 1, 2015

By: /s/ Michael S. Agruss
Michael S. Agruss
SBN: 6281600
Agruss Law Firm, LLC
4619 N. Ravenswood Ave.
Suite 303A
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff